# PARKER HANSKI LLC

40 WORTH STREET, SUITE 602
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:      212.248.5600

March 7, 2024

<u>Via ECF</u>
The Honorable Arun Subramanian
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: <u>King Range, Jr. v. Spring Green LLC and Diesel U.S.A., Inc.</u>
     <u>Docket No. 1:22-cv-10381(AS)(OTW)</u>

Dear Judge Subramanian:

  Parker Hanski LLC represents Plaintiff King Range, Jr. in the above-entitled action. Because defendants Spring Green LLC and Diesel U.S.A., Inc. have not cooperated with plaintiff to prepare the joint pretrial filings, plaintiff respectfully asks the Court to extend the deadline of all the pretrial filings from March 8, 2024 to March 22, 2024. Plaintiff also respectfully asks that the Court direct defendants to provide plaintiff their comments and portions of the pretrial filings by March 15, 2024. Lastly, as a separate matter, plaintiff respectfully requests that the Court Order the parties to attend mediation the last week in March.

  By way of background, this action concerns the inaccessibility of defendants' place of public accommodation, to plaintiff, a wheelchair user, in violation of the ADA and analogous state and local laws. Pursuant to Your Honor's Order of February 9, 2024 (ECF No. 44), the joint pretrial filings are due tomorrow, March 8, 2024. Additionally, the February 9 Order directed the parties to convey their availability to mediate this matter to this District's Mediation Office.

  **The Joint Pretrial Filings**

  On February 6, 2024, plaintiff transmitted draft pretrial documents to defendants and requested that they provide comments. Thereafter, on February 8, 2024, the Parties jointly requested the Court extend the pretrial filing deadline so the Parties could mediate this matter with the assistance of this District's Mediation Office. ECF No. 43. The Court granted the parties' request on February 9, 2024. ECF No. 44.

  Despite the parties' expressed desire to mediate with the Mediation Office's assistance, mediation did not occur. Defendants had also not provided comments or communicated with plaintiff regarding the pretrial filings. So, on March 5th, 6th, and 7th, plaintiff contacted

defendants via email regarding the pretrial filings. Additionally, plaintiff called each defendant around noon on March 7, 2024.

On March 7, 2024 defendants finally responded to plaintiff. Defendant Spring Green LLC's counsel advised that Spring Green's portion of the pretrial filings is prepared but it has been withholding them as it awaits comments from co-defendant Diesel U.S.A., Inc. Defendant Diesel U.S.A., Inc., responded to plaintiff by email at approximately 4:00 p.m. advising it can speak after 5:00 p.m. today. However, plaintiff still does not have any of defendants' comments to the proposed pretrial filing materials.

**Mediation**

Defendants have also not worked cooperatively with plaintiff or the Mediation Office to schedule a mediation. Defendants' failure to do so is problematic as the parties' expressed desire to mediate was the basis of the request to adjourn the February 9, 2024 pretrial filing deadline. See ECF No. 43.

Immediately after the Court's February 9, 2024 Order adjourning the pretrial filings, Plaintiff contacted the Mediation Office to apprise it that the parties required a mediator's assistance, and to coordinate with the it and defendants as to possible mediation dates. Plaintiff provided defendants (and the mediation office) with multiple dates on which he could attend a mediation. Thereafter, plaintiff made repeated requests to defendants for dates on which they were available to mediate this matter. However, until today, March 7, 2024, defendants did not provide a single date on which they could mediate this matter. Only this afternoon did Defendant Diesel U.S.A., Inc. advise plaintiff that it is available to mediate during the last week of March. (Defendant Spring Green LLC has yet to confirm its availability.)

**Requested Relief**

Given the defendants' failure to communicate, plaintiff seeks judicial intervention. Plaintiff respectfully asks that the Court extend the March 8, 2024 deadline for the pretrial filings to March 22, 2024. Plaintiff seeks this adjournment so that the parties can submit properly reviewed, joint, pretrial filings to the Court. In addition, Plaintiff also respectfully asks the Court to direct the defendants to provide their proposed portions and comments to the proposed pretrial filings, and to have defendants' counsel meet and confer in person with plaintiff's counsel regarding these filings, by March 15, 2024. Lastly, plaintiff respectfully requests that the Court Order the parties to attend mediation the last week in March.

Thank you for your time and attention to this matter.

The Court orders the parties to let their past issues go on life-is-too-short grounds (and it draws no conclusions on who is in the right). Without discussing any past issues or pointing fingers, the parties must meet and confer today for no less than 30 minutes (video or in person) on settlement, a mediation date, and any requested adjustment of pre-trial deadlines. If a mediation date in March is set and the parties can agree on a joint letter on any adjustment to deadlines, then the Court will authorize those adjustments, as long as the trial date doesn't move. No meet and confer and joint letter, no adjustments.

Respectfully

/s/ Adam Hanski
Adam S. Hanski, Esq.

The Clerk of Court is directed to terminate the motion at ECF No. 45.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 8, 2024